IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN DOE,

    *Plaintiff*

v.                                         Civil Case No.

NORFOLK STATE UNIVERSITY,

BOARD OF VISITORS OF
NORFOLK STATE UNIVERSITY,

and

FICTITIOUS PERSONS A-Z.,

    *Defendants*

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

The Plaintiff is suing the Defendants for violating Title IX of the Education Amendments of 1972 (*i.e.*, 20 U.S.C. §§ 1681, *et seq.*) ("Title IX"). The alleged violation stems from an instance of sexual assault. The Plaintiff, who was a football player at Norfolk State University, was the victim of an attempted rape and sexual assault by another football player at Norfolk State University.

Sadly, there is a social stigma associated with rape. *Cf. Rama v. Holder*, 607 F.3d 461, 464 (7th Cir. 2010) ("… the stigma attached to rape…"). Although the following quote from the District Court for Maryland refers to prison rape, the same principle applies here: "…[T]here is the stigma which attaches once it becomes known throughout the institution that an inmate was raped. The stigma, in this instance, serves to single out an inmate as an easy mark, thereby increasing the likelihood of further sexual assaults." *Doe v. Lally*, 467 F. Supp. 1339, 1348-49 (D. Md. 1979).

The Plaintiff therefore seeks permission to proceed in this action under the pseudonym "John Doe" and seeks entry of a protective order barring dissemination of his true name and requiring that any documents containing his true name be filed under seal.

**ARGUMENT**

As a general matter, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). However, "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) (citations omitted). "The interests that courts have found sufficiently compelling to justify closure [of case information] … include … protecting the privacy rights of trial participants such as victims or witnesses." *Co. Doe v. Public Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) (*citing Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607-08, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (1982)).

Here, the plaintiff's privacy interests outweigh the general presumption of open records. "Courts throughout the country have routinely found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness." *NMIC Ins. Co. v. Smith*, No. 2:18-cv-533, 2018 U.S. Dist. LEXIS 224759, at *4-5 (S.D. Ohio Oct. 24, 2018); *see also*, *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of … rape victims, and other particularly vulnerable parties or witnesses."); *K.S. v. Detroit Pub. Sch., No. 14-12214*, 2015 U.S. Dist. LEXIS 94312, 2015 WL 13358204, at *3 (E.D. Mich. July 21, 2015) (allowing alleged sexual assault victim to proceed anonymously); Doe No. 2 v. Kolko, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes").

Naturally, the Plaintiff does not have a problem with the Defendants learning his name. The Defendants need his name and other identifying information to provide a defense. However, the Plaintiff wants to ensure that his identity is not disseminated to people who do not need this information. Here, the Plaintiff seeks an order that would limit disclosure of his personal information to the public but permit disclosure to the Defendants. Thus, the proposed protective order will not hamper the defendants' ability to present a defense.

**CONCLUSION**

Allowing the Plaintiff to proceed under a pseudonym and entering protective order protecting his identity against disclosure is necessary to prevent him from being subjected to harassment, ridicule, shame, or other harm and will not compromise the Defendants' ability to conduct their defense. For these reasons, the Plaintiff requests the Court to enter an order permitting the Plaintiff to proceed in this action under the pseudonym "John Doe" and to enter a protective order barring dissemination of the Plaintiff's true name and requiring that any documents containing his true name be filed under seal.

This, the 1st day of June 2022,

Respectfully Submitted,

_____/s/_____
Diane P. Toscano,
Virginia Bar No. 73478
TOSCANO LAW GROUP, P.C.
1244 Perimeter Parkway, Suite 443
Virginia Beach, Virginia 23454
Tel:   (757) 821-7972
Fax:   (757) 903-0186
Diane@toscanolawgroup.com
*Attorney for Plaintiff John Doe*

## CERTIFICATE OF SERVICE

I certify that on June 1, 2022 a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.   All other parties will be served by electronic mail and First Class Mail:

>James D. Wright, Esq.
>Associate University Counsel
>Senior Assistant Attorney General
>Office of the University Counsel
>Norfolk State University
>700 Park Avenue, HBW, Ste. 101
>Norfolk, Virginia 23504
>
>Pamela Boston, Esq.
>Associate University Counsel
>Senior Assistant Attorney General
>Office of the University Counsel
>Norfolk State University
>700 Park Avenue, HBW, Ste. 101
>Norfolk, Virginia 23504

Respectfully Submitted,

_____/s/_____
Diane P. Toscano,
Virginia Bar No. 73478
TOSCANO LAW GROUP, P.C.
1244 Perimeter Parkway, Suite 443
Virginia Beach, Virginia 23454
Tel:    (757) 821-7972
Fax:   (757) 903-0186
Diane@toscanolawgroup.com
*Attorney for Plaintiff John Doe*